# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| SHIRLEY BETNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N16C-08-069 CLS |
| GRAYLING CORP. d/b/a CHILI'S RESTAURANT, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: October 11, 2018
Decided: November 2, 2018

On Defendant's Motion for Costs.
**Granted** in Part.

Lawrence A. Ramunno, Esquire. Ramunno & Ramunno, P.A., 903 North French Street, Wilmington, Delaware, 19801. Attorney for Plaintiff.

Brian D. Tome, Esquire. Reilly, McDevitt & Henrich, P.C., 1013 Centre Road, Suite 210, Wilmington, Delaware, 19805. Attorney for Defendant.

**Scott, J.**

1. This personal injury action was tried before a jury on September 24, 25, and 26, 2018. The Jury determined Defendant was not negligent, and therefore not liable to Plaintiff for her injuries.

2. Defendant filed a Motion for Costs pursuant to Superior Court Civil Rule 54, 10 Del. C. §§ 5101 and 8906 on October 5, 2018.

3. Defendant is seeking the following costs associated with the litigation:

    a. Service and Filing Fees:                                $742.00

    b. Deposition transcript of Plaintiff's Expert:            $486.70

    c. Deposition transcript of Defense's Medical Expert:      $844.80

    d. Costs for Video deposition of Defense's Medical Expert: $665.58

    e. Deposition transcripts of Plaintiff and her husband:    $625.60

    f. Defendant's independent medical exam:                   $1,200.00

    g. Defendant's Medical Expert's testimony fees:            $1,500.00

    h. Defense Expert site inspection and testing:             $3,438.22

    i. Defense Expert "trial planning":                        $28.50

    j. Defendant's engineering Expert's testimony fees:        $3,686.55

    k. Fees to obtain Plaintiff's medical records:             $4447.18

    l. Private Investigator to capture surveillance video:     $1,100.00

    m. Enlarged exhibits admitted at trial:                    $83.88

    n. Audio video support for surveillance video:             $3,324.12

                                           **Total Costs**:    $18,473.13

4. Plaintiff argues the costs are either unnecessary, excessive, or otherwise not allowable. Plaintiff additionally argues she has incurred substantial costs related to this litigation and has limited resources. Plaintiff requests the Court exercise its discretion and not grant any costs to Defendant.

5. Defendant seeks the costs for service and filing fees in the amount of $742.00. Filing and service fees are routinely granted to the prevailing party.[1] Defendant will be awarded costs for service and filing fees in the amount of $742.00.

6. Defendants seek costs related to Court's copies of transcripts of the following depositions: Plaintiff's Expert Dr. Hassman, Defendant's expert Dr. Piccioni, Plaintiff, and her husband.

7. Under Superior Court Civil Rule 54 (f) the fees paid court reporters for the Court's copy of the transcripts are not taxable to the opposing party unless introduced into evidence. These transcripts were not introduced into evidence and Defendant will not be awarded these costs. Furthermore, "transcript costs "will not be awarded when the deposition is introduced at trial via videotape."[2]

8. Defendant seeks to recover the production and playback costs of their medical expert Dr. Piccioni. Under Superior Court Civil Rule 54 (f), these costs are

---

[1] *Kimball v. Penn Mut. Ins. Co.*, 2009 WL 406811, at *2 (Del. Super. Ct. 2009).
[2] *Slattery v. Pettinaro Constr. Co., Inc*, 2015 WL 5138174, at *4 (Del. Super. Ct. 2015).

recoverable if the video deposition is introduced into evidence. Defendant has provided an invoice for such costs, and can recover $665.58.

9. Defendant seeks to recover expert witness fees for the Independent Medical Exam performed by Dr. Piccioni ($1,200.00), and his trial testimony ($1,500.00). Under Superior Court Civil Rule 54 (g) and (f), Expert witness fees, such as that incurred as part of an independent medical exam, are recoverable only when the facts acquired by way of deposition or by live testimony at trial become evidence in the case.[3]

10. However, the Court may require defendants to bear the cost of a successful defense where an assessment of costs against an unsuccessful plaintiff would impose a severe financial hardship, or would likely become an uncollectable assessment without any real purpose.[4]

11. This Court held in 2016 that an appropriate half-day rate for an expert physician was between $2,752.10 and $3,810.60. The same standard applies whether testimony is provided via video or live in Court.[5]

12. Dr. Piccioni's hourly rate of $1,500.00 is on the high end of acceptability, but not outright unreasonable. Defendant may recover the costs of Dr. Piccioni's expert trial testimony $1,500.00.

---

[3] *DIGA v. Troise*, 1992 WL 240352, at *1 (Del. Super. Ct. 1992).
[4] *Legros v. Jewell*, 2001 WL 660106 (Del. Super. Ct. 2001).
[5] *Smith v. Paul J. Renzi Masonry*, 2016 WL 1591030 (Del. Super. Ct. 2016).

13. Defendant seeks to recover expert witness fees for their expert by Brian Mills P.E., related to inspection and testing of the floor where Plaintiff fell, pretrial planning, and live testimony provided by Mr. Mills for a total of $7,153.27.

14. Witness fees under 10 Del. C. § 8906 should be granted for 'reasonable and ordinary' traveling expenses, but not at their hourly testifying rate.[6] This Court has generally recognized the reasonable cost for expert witness' travel time is one-half the expert's hourly rate in addition to travel expenses.[7]

15. Additionally, a party may not recover for an expert's time spent preparing for trial, including reviewing other witness testimony or consulting with counsel.[8]

16. Mr. Mills invoice reflects an hourly rate of $285/hour for his appearance at trial. Mr. Mills billed 4.1 hours for travel time, and 4.5 hours for trial. Accordingly, Defendant can recover $1866.75.

17. Defendant's other costs related to subpoenaing of Plaintiff's medical records, Surveillance video, enlarged trial exhibits, and audio visual support for the independent surveillance video, are excessive.

18. Therefore, Defendant may recover $742.00 for filing fees, $300.00 for mediation, $665.58 for the cost of the video deposition of Dr. Piccioni, and $3,366.75 for expert fees, totaling $5,074.33.

---

[6] *Ambrosio v. Drummond*, 2017 WL 2544603 at *1 (Del Super. Ct. 2017).
[7] *Hajali v. Daller*, 2017 WL 5606828 (Del. Super. Ct. 2017).
[8] *Id*.

**IT IS SO ORDERED.**

/s/ Calvin L. Scott

**Judge Calvin L. Scott, Jr.**